# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

MARVEN GARDNER                                         CIVIL ACTION NO.

VERSUS                                                 20-15-SDD-EWD

BIANCA TYREE LATIN, ET AL

## NOTICE AND ORDER FOR TELEPHONE CONFERENCE

Marven Gardner ("Plaintiff") filed suit against Bianca Tyree Latin ("Latin"), Lyndon Southern Insurance Company ("Lyndon Southern"), and Kia Motors America, Inc. ("Kia") in state court on or about November 20, 2019.[1] Per his Petition, Plaintiff alleges that he is the surviving spouse of Joyce Gardner ("Gardner"), who died as a result of a motor vehicle collision that occurred on or about November 20, 2018.[2] He asserts a "wrongful death and survival action" against Defendants "to recover all damages for the injuries sustained by the decedent, Joyce Gardner."[3] Specifically, Plaintiff alleges that, at the time of the collision, Gardner was a passenger in a 2007 Kia Spectra being driven by Latin.[4] He alleges that Latin "failed to timely bring her vehicle to a stop, thereby causing the vehicle to suddenly and without warning strike a 2015, Toyota Sienna, driven by Janet Faye Lawler."[5] Plaintiff alleges that Gardner was "violently ejected forward, which caused her to strike her head on the windshield of 2007 Kia Spectra."[6] He also alleges that the passenger side airbag of the 2007 Kia Spectra, "which was designed, made and/or manufactured by [KIA]," failed to deploy during the collision.[7] Plaintiff contends that the "direct cause and/or proximate cause of the collision and decedent's ultimate death, were a result of the specific actions of Defendants," and he sets forth

---

[1] R. Doc. 1-1. Latin, Lyndon Southern, and Kia are collectively referred to herein as "Defendants."
[2] R. Doc. 1-1, at Preamble and ¶¶ 2-5.
[3] *Id.* at ¶ 8.
[4] *Id.* at ¶ 2.
[5] *Id.*
[6] *Id.* at ¶ 3.
[7] *Id.*

specific acts of negligence and/or legal fault by Latin and Kia.[8] Finally, Plaintiff alleges that Lyndon Southern insured the 2007 Kia Spectra at the time of the collision.[9]

On January 8, 2020, Kia removed the suit to this Court, asserting federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[10] With respect to the citizenship of the parties, Kia alleges that Plaintiff is a citizen of Louisiana, that Lyndon Southern is a "foreign insurance company, domiciled in Delaware," and that Kia is a California corporation with its principal place of business in California.[11] Kia further asserts that while Latin is a "Louisiana citizen and thus deemed a 'forum defendant,'" her citizenship should not be considered for diversity jurisdiction purposes because she "is not a proper party to the litigation and was improperly joined."[12] Specifically, Kia argues that "Latin, daughter of the decedant [sic], was not and cannot be considered as causing any alleged airbag defect in the subject vehicle."[13]

On January 10, 2020, Plaintiff filed a Motion to Remand, arguing that this suit should be remanded to state court because Latin is properly joined and complete diversity does not exist.[14] Specifically, Plaintiff alleges that both he and Latin, the driver of the vehicle in which Gardner was riding at the time of the collision, are Louisiana citizens.[15]

The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."[16] "'[A]ny contested issues of fact and any ambiguities of state law must be resolved' in favor of remand,"[17] and "[a]ny doubts regarding whether removal jurisdiction is proper

---

[8] *Id.* at ¶¶ 5-7.
[9] *Id.* at ¶ 9.
[10] R. Doc. 1, at ¶ XIII.
[11] *Id.* at ¶ V.
[12] *Id.* at ¶¶ VIII-X.
[13] *Id.* at ¶ XI. In its Notice of Removal, Kia summarizes Plaintiff's suit as follows: "Plaintiff filed this action against defendant, Bianca Tyree Latin, Lyndon Southern Insurance Company and Kia alleging that the airbags in the subject 2007 Kia Spectra, did not work as designed during an accident that took place on November 20, 2018." *Id.* at ¶ IV.
[14] R. Doc. 3.
[15] R. Doc. 3-1, at p. 2.
[16] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).
[17] *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242. 249 (5th Cir. 2011)). *See also*, *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) ("Any contested issues of fact and any ambiguities of state law must be resolved in [plaintiff's] favor. The burden of persuasion on those who claim fraudulent joinder is a heavy one.").

should be resolved against federal jurisdiction."[18] The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[19] As to the second method, the test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[20]

Kia appears to rely on the second method of establishing improper joinder. A court may resolve this issue in one of two ways. "The court may conduct a Rule 12(b)(6) analysis, looking at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."[21] The Fifth Circuit has cautioned that such summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[22]

"Federal courts are duty bound to determine their own jurisdiction and may do so *sua sponte* if necessary."[23] This Court cannot ensure the existence of federal subject matter jurisdiction until the

---

[18] *Bartel v. Alcoa Steamship Co.*, 64 F.Supp.3d 843, 847 (M.D. La. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).
[19] *Smallwood v. Central Railroad Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).
[20] *Id*.
[21] *Smallwood*, 385 F.3d at 573.
[22] *Id*. at 573-74. *See also*, *id*. at n. 12 ("For example, the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true."). *See also*, *African Methodist*, 756 F.3d at 793 ("A mere theoretical possibility of recovery in state court will not preclude a finding of improper joinder. The federal court's inquiry into the reasonable basis for the plaintiff's state court recovery is a 'Rule 12(b)(6)-type analysis,' although the court retains discretion to pierce the pleadings and conduct summary proceedings….").
[23] *Fontenot v. Albemarle Corp.*, 181 F.3d 96, 1999 WL 346962, * 1 (5th Cir. 1999).

issue of Latin's joinder is resolved. The Court believes a telephone conference to discuss the issues raised in Plaintiff's Motion to Remand is warranted. The parties should be prepared to discuss improper joinder in light of *Jasmine v. National Casualty Co.*,[24] *Wilson v. Ace American Insurance Co.*,[25] and similar cases.[26]

Accordingly,

**IT IS HEREBY ORDERED** that a telephone conference is set for **Monday, January 27, 2020, at 1:30 PM** before Magistrate Judge Erin Wilder-Doomes to discuss the [3] Motion to Remand filed by Plaintiff, Marven Gardner. The purpose of the conference is to discuss the pending Motion to Remand prior to the deadline to file an opposition memorandum, therefore, it is not necessary to provide an opposition memorandum before the telephone conference. If the conference does not resolve the issues raised in the Motion, an opposition memorandum may still be filed within the deadlines imposed by Local Civil Rules. Counsel participating in the telephone conference shall call 877-336-1839 using access code 9565780 five minutes prior to conference.

Signed in Baton Rouge, Louisiana, on January 23, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[24] No. 17-14595, 2018 WL 1705576 (E.D. La. April 7, 2018) (granting plaintiffs' motion to remand after finding that non-diverse defendant, with whom plaintiffs were riding at the time of the accident, was properly joined, despite plaintiffs' deposition testimony that "they did not think [driver] was negligent").
[25] No. 17-427, 2017 WL 3159033 (W.D. La. June 30, 2017) (granting plaintiff's motion to remand after finding that the allegations in plaintiff's complaint "set forth a reasonable basis for recovery" against non-diverse defendant, with whom plaintiff was riding at the time of the accident, and his insurer because "a host driver has a duty to operate[] his vehicle with reasonable care under the prevailing circumstances for the benefit of his guest passengers who might be injured if he fails to do so" under Louisiana law (citations omitted)).
[26] *See, e.g., Francis v. Greenwich Insurance Co.*, No. 16-15901, 2017 WL 894654 (E.D. La. Mar. 7, 2017) (granting plaintiffs/passengers' motion to remand and refusing defendant's request to realign parties to create complete diversity on removal); *Gurley v. White* No. 16-6274, 2016 WL 228867 (E.D. La. Dec. 14, 2016) (granting plaintiff and defendant/cross-claimant's motions to remand and refusing defendant's request to realign "non-diverse (indeed, local) defendant" with plaintiff to create complete diversity on removal).